1

2

3

4

5

6

7           UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9

10   KENNETH MICHEAL LOHMAN,              CASE NO. C13-2340JLR

11                  Plaintiff,            ORDER

12          v.

13   KING COUNTY JAIL, et al.,

14                  Defendants.

15                   **I.      INTRODUCTION**

16        This matter comes before the court on the Report and Recommendation of United

17   States Magistrate Judge James P. Donohue (R&R (Dkt. # 23)), and Plaintiff Kenny

18   Lohman's objections thereto (Objections (Dkt. # 26)).  Having carefully reviewed all of

19   the foregoing, along with all other relevant documents, and the governing law, the court

20   ADOPTS the Report and Recommendation (Dkt. # 23) and DISMISSES Mr. Lohman's

21   complaint with prejudice.

22

## II.   BACKGROUND

Mr. Lohman is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action.  (*See* Dkt. # 1.)  In his amended complaint, Mr. Lohman alleges that on December 19, 2013, he heard another inmate at the King County Jail screaming that there was a tampon in his spaghetti dinner.  (Am. Compl. (Dkt. # 8) at 3.)  Mr. Lohman alleges that he heard Defendant Officer Anthony Farrell tell Defendant Officer Lorenzo Jones to shut the door so that other inmates would not hear what was happening.  (*Id.*)  Mr. Loham alleges that after the door was closed, Officer Farrell continued to pass out dinner trays to inmates. (*Id.*)

Mr. Lohman alleges that he asked Officer Jones if there really was a tampon in the spaghetti and Officer Jones told him that there was no tampon.  (*Id.* at 4.)  Mr. Lohman alleges that he then went ahead and ate the spaghetti.  (*Id.*)  Mr. Lohman claims that he subsequently learned that there had been a tampon in the spaghetti, and he became sick. (*Id.*)  As a result of the alleged deception by the officers, and Mr. Lohman's resulting concern about the safety of the food, Mr. Lohman refused meals for several days and was placed on paranoia medication.  (*Id.* at 5-6.)  Mr. Lohman believes that the officers' foregoing conduct violated his constitutional rights and accordingly brought suit against Officer Farrell and Officer Jones under 42 U.S.C. § 1983.  (*See generally id.*)

After the court granted his motion for leave to proceed in forma pauperis (1/22/14 Order (Dkt. # 4)), Mr. Lohman filed his initial 42 U.S.C. § 1983 civil rights complaint on January 22, 2014 (Compl. (Dkt. # 5)).  On the same day, Magistrate Judge Donohue entered an order declining to serve Mr. Lohman's complaint on Defendants because it

1   was deficient in several respects.  (*See* 1/22/14 Order (Dkt. # 6) at 2.)  Magistrate Judge

2   Donohue nevertheless permitted Mr. Lohman the opportunity to file an amended

3   complaint correcting the noted deficiencies within 30 days of the date of the order.  (*Id.* at

4   4.)  Magistrate Judge Donohue warned Mr. Lohman that if he failed to file an amended

5   pleading, Magistrate Judge Donohue would recommend that Mr. Lohman's complaint be

6   dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief

7   may be granted.  (*Id.*)  On February 21, 2014, Mr. Lohman filed an amended complaint.

8   (*See generally* Am. Compl.)

9           On May 20, 2014, Defendants filed a motion for judgment on the pleadings under

10   Federal Rule of Civil Procedure 12(c).  (Mot. (Dkt. # 18).)  Magistrate Judge Donohue

11   recommended granting Defendants' motion to dismiss.  (R&R (Dkt. # 23).)  Although

12   Mr. Lohman asserted that Defendants violated the Eighth Amendment to the Constitution

13   when they allegedly served him contaminated food, Magistrate Judge Donohue ruled that

14   Mr. Lohman's claims arose under the Due Process Clause of the Fourteenth Amendment

15   because Mr. Lohman was a pre-trial detainee at the time rather than a prisoner following

16   conviction.  (*Id.* at 4-5.)  In any event, Magistrate Donohue also noted that the guarantees

17   of the Eighth Amendment provide a minimum standard of care for determining the rights

18   of pretrial detainees.  (*Id.* at 5.)

19           First, Magistrate Judge Donohue ruled that Mr. Lohman's allegations that

20   Defendants had lied about the contamination of another inmate's food or that Defendants

21   had tried to prevent other inmates from hearing about the incident, even if true, do not

22   rise to the level of a constitutional violations.  (R&R at 4-5.)  Second, Magistrate Judge

ORDER- 3

1   Donohue noted that courts have recognized that the failure to provide adequate, sanitary

2   food service can, in particularly egregious circumstances, be sufficiently serious to

3   violate the Eighth Amendment. (*Id.* at 6 (citing *Robles v. Coughlin*, 725 F.2d 12, 15-16

4   (2nd Cir. 1983); *Ramos v. Lamm*, 639 F.2d 559, 570-72 (10th Cir. 1980); *Islam v.

5   Jackson*, 782 F. Supp. 1111, 1114 (E.D. Va. 1992)).)  Nevertheless, Magistrate Judge

6   Donohue agreed with Defendants Mr. Lohman's allegation that Defendants served

7   contaminated food on a single occasion was not sufficiently serious to implicate the

8   Eighth Amendment. (R&R at 6.)  Accordingly, Magistrate Judge Donohue

9   recommended that the court dismiss Mr. Lohman's complaint with prejudice. (*Id.* at 7.)

## II.    STANDARD OF REVIEW

11           A district court has jurisdiction to review a Magistrate Judge's report and

12   recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

13   determine de novo any part of the magistrate judge's disposition that has been properly

14   objected to." *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part,

15   the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

16   The court reviews de novo those portions of the report and recommendation to which

17   specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

18   (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review

19   the magistrate judge's findings and recommendations de novo if objection is made, but

20   not otherwise." *Id.*  When no objections are filed, the court need not review de novo the

21   report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

22   Because Mr. Lohman is proceeding *pro se*, this court must interpret his complaint and

1  objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir.

2  2003).

3  **III.   DISCUSSION**

4       In the objections that Mr. Lohman filed to Magistrate Judge Donohue's Report

5  and Recommendation, Mr. Lohman fails to raise any new issues or arguments that he did

6  not previously raise in his opposition to Defendants' motion to dismiss and that were not

7  already addressed by Magistrate Judge Donohue in his Report and Recommendation.

8  Moreover, the court has thoroughly examined the record before it and finds Magistrate

9  Judge Donohue's reasoning persuasive in light of that record.  Mr. Lohman essentially

10  reargues the arguments he made to Magistrate Judge Donohue, and the court

11  independently rejects those arguments for the same reasons delineated in the Report and

12  Recommendation.

13       Magistrate Judge Donohue dismissed Mr. Lohman's complaint with prejudice.

14  (R&R at 8.)  The court is mindful that prior to dismissal of a *pro se* complaint, the court

15  must ordinarily instruct a *pro se* litigant as to the deficiencies in his or her complaint and

16  grant leave to amend the complaint.  *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.

17  1987).  Here, however, Magistrate Donohue instructed Mr. Lohamn concerning the

18  deficiencies in his initial complaint and permitted him an opportunity to amend.  (*See*

19  1/22/14 Order at 2.)  Thus, the court has already provided Mr. Lohman with an

20  opportunity to correct the deficiencies in his allegations and state a legally cognizable

21  claim.  It is Mr. Lohman's amended complaint that is the subject of Defendants' motion

22  and the court's present order of dismissal.  In any event, a court may properly dismiss a

ORDER- 5

1   *pro se* complaint outright in situations where it is "absolutely clear that the deficiencies of

2   the complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d

3   458, 460 (9th Cir. 1980) (per curiam); *Eldridge*, 832 F.2d at 1135-36. Under the facts as

4   Mr. Lohman has alleged them, he cannot make out a legally cognizable claim.

5   Accordingly, the court agrees with Magistrate Judge Donohue that this matter may be

6   dismissed with prejudice and without further leave to amend.

7                     **IV.    CONCLUSION**

8          For the foregoing reasons, the court hereby ORDERS as follows:

9          (1) The court ADOPTS the Report and Recommendation (Dkt. # 23) in its

10   entirety;

11          (2) The court GRANTS Defendants' motion for judgment on the pleadings (Dkt.

12   # 18);

13          (3) The court DISMISSES Mr. Lohman's amended complaint (Dkt. # 8) with

14   prejudice; and

15          (4) The court DIRECTS the Clerk to send copies of this Order to Mr. Lohman, to

16   counsel for Defendants, and to Magistrate Judge Donohue.

17          Dated this 25th day of August, 2014.

18

19

20   _____
     JAMES L. ROBART
21   United States District Judge

22

ORDER- 6